UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRIS MARTINEZ,

                    Plaintiff,

-vs-

C.O. JOSEPH BROIS and
C.O. RICHARD ALLINGTON,

                    Defendants.
_____

DECISION AND ORDER

20-CV-6759 (CJS)

     This matter is presently before the Court on the motion for a new trial filed by Defendants Corrections Officers Brois and Allington pursuant to Rule 59 of the Federal Rules of Civil Procedure. Mot., Jan. 11, 2023, ECF No. 49. Defendants maintain that this Court erred in several evidentiary rulings related to Plaintiff's alleged gang affiliation that deprived Defendants of the opportunity to fully articulate their theory of the case to the jury. Def. Mem. of Law, 5, Jan. 11, 2023, ECF No. 49-2. In opposition, Plaintiff argues that not only have Defendants failed to submit an adequate record for the Court to review, but also that their legal arguments are without merit. Pl. Mem. in Opp'n, Feb. 13, 2023, ECF No. 51. For the reasons set forth below, Defendants' motion for a new trial [ECF No. 49] is denied.

I. LEGAL STANDARD

     Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." As the

1

Second Circuit has noted, "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Where the challenged issue is an evidentiary ruling, the motion "will be granted only where [an] improper ruling affects a substantial right of the moving party." *Mem'l Drive Consultants, Inc. v. ONY, Inc.*, 29 F. App'x 56, 61 (2d Cir. 2002) (citing *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir. 1993)).

## II. DISCUSSION

The Court presided over a jury trial on December 12, 2022 through December 15, 2022 on Plaintiff's allegations that on January 30, 2019, while Plaintiff was a prisoner at the Elmira Correctional Facility (Elmira), in Elmira, NY, Defendants violated his civil rights by brutally assaulting him and causing multiple injuries, including a fractured skull. Defense counsel described Defendants' theory of the case as follows:

> [DEFENSE COUNSEL]: Right. I guess this is complicated. There was an initial incident. The initial incident involved an inmate by the name of Dequan Morris. Mr. Morris was restrained and then he was escorted out. At that point, a call came in that said that, based on Mr. Shameik Corbett's conduct, he had to be taken out of the classroom. After Mr. Shameik Corbett was taken out of the classroom, there was an incident that he turned and assaulted staff. After he turned and assaulted staff, Mr. Jose Martinez and Mr. Chris Martinez, the plaintiff, ran out of the classroom. And our theory of the case is that because Mr. Shameik Corbett was a member of the gang called the Bloods, the other members of the gang in the classroom, Mr. Chris Martinez and Jose Martinez were obligated to come out and come to his aid.

Def. Ex. 2, 76:7–77:15, Jan. 11, 2023, ECF No. 49-1. That is, Defendants' theory of the case was to maintain that the degree of force they exercised against Plaintiff was warranted to fend off an attack by gang members intent on protecting one of their own.

During the course of the trial, the Court made several evidentiary rulings that Defendants now argue unfairly impeded them from introducing both testimony and documentary evidence supporting their theory of the case. First,[1] Defendants argue that the Court erred by limiting Defendants' attempts to impeach Plaintiff and another inmate to asking whether Plaintiff was a member of a gang called "the Bloods," and not allowing them to inquire into gang affiliations potentially discernible through prison disciplinary histories or other documents. Second, Defendants argue the Court erred by refusing to allow Defendants to testify to their knowledge of a central tenet of the Bloods' code of conduct that requires members of the Bloods to come to the aid of other members who are engaged in physical altercations of any kind, including with law enforcement. Finally, Defendants argue that the Court erred by granting Defendants permission to ask Plaintiff about significant lengths of time he served in the Special Housing Unit (SHU) for disciplinary infractions as a means to show his gang affiliation, and then rescinding the permission after Plaintiff denied spending any significant length of time in the unit.

Upon careful consideration of the Defendants' arguments, the Court denies Defendants' motion for a new trial. With respect to Defendants' first and third arguments related to the Court's refusal to allow Defendants to introduce extrinsic evidence to show that Plaintiff was affiliated with the Bloods and spent extended periods of time in SHU because of that affiliation, the transcript excerpts submitted by Defendants demonstrate

---

[1] The first argument condenses defense counsel's citation to three particular issues: a) Plaintiff's misbehavior reports from disciplinary hearings, b) evidence that Plaintiff, Jose Martinez, and Shameik Corbett were all members of the Bloods, and c) evidence that one of Plaintiff's witnesses, Harry Williams, had made a statement to an investigator that Plaintiff was a blood. *See* Def. Mem. of Law at 2-3.

that the Court gave the issues ample consideration before rendering a decision based on the entirety of the evidence being offered and its potential effect on the jury.

After discussing the issue with counsel on at least three occasions outside of the presence of the jury, and considering the caselaw submitted by defense counsel,[2] the Court declined to allow defense counsel to further question Plaintiff or introduce documentary evidence about other disciplinary actions that had been taken against him during his term of imprisonment. The Court stated:

> We're not going to have a trial within a trial . I don't know what the other disciplinary infractions were for. So, the Court has determined that the prejudicial effect outweighs any probative value. There's plenty of impeachment in this case, frankly. [Defense counsel] has successfully brought out the fact that [Plaintiff] has apparently, on the critical points, given three different stories: One, he was pulled out of the classroom, two, he was pushed out of the classroom; and, three, he walked out of the classroom.

Def. Ex. 2 at 91:16–24. Moreover, although it did not allow Defendants to introduce documentary evidence regarding Plaintiff's disciplinary history, the Court did allow Defendants to introduce a report produced by Investigator Shawn Orchard indicating that Plaintiff admitted to Investigator Orchard that he was a member of the Bloods. Def. Ex. 2

---

[2] Defense counsel submitted two cases for the Court's consideration: *United States v. Williams*, 930 F.3d 44 (2d Cir. 2019), and *United States v. Melendez*, No. 20-3876-CR, 2022 WL 3640449 (2d Cir. Aug. 24, 2022). Def. Ex. 2 at 82:11–24. In *Williams*, the defendant was convicted following a jury trial of felon in possession of a firearm, and the Second Circuit considered the district court's admission during trial of the defendant's post-arrest statement to investigators that he was a member of a gang and could help police find other guns and drugs. The circuit court stated that "courts routinely admit evidence of gang membership in circumstances like these where the evidence is relevant for a proper purpose [i.e., motive and opportunity for possessing the firearm]." *Williams*, 930 F.3d at 63 (collecting cases from other circuits). In *Melendez*, the defendant was challenging his conviction of using a firearm to commit murder during a drug-trafficking offense, arguing in part that the district court erred in allowing testimony that defendant was a high-ranking member of a gang for the purpose of proving the existence of a narcotics conspiracy, provide context for the criminal relationship between the conspirators, and to establish motive for the offense. *Melendez*, 2022 WL 3640449 at *3. The appellate court found no abuse of discretion. *Id*. at *3.

at 86:9–90:9.

In short, the Court excluded the evidence based on its measured judgment that the confusion and delay caused by a trial within a trial regarding Plaintiff's gang affiliation would have substantially outweighed the probative value of the evidence to the main issue of the case: i.e., whether or not Defendants used excessive force. *See Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996), *as amended on reh'g in part* (Feb. 14, 1996) (citing, *inter alia*, *United States v. Aboumoussallem*, 726 F.2d 906, 912–13 (2d Cir.1984)).

The Court finds that Defendants' second argument – that the Court erred in refusing to allow Defendants to testify about the obligation of Bloods to come to the aid of other Bloods engaged in physical altercations – is also without merit. "[A]ll jurisdictions have a similar rule requiring expert testimony where a matter is outside the ken of an ordinary lay juror." *In re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp.3d 304, 313 (S.D.N.Y. 2016), *aff'd*, 713 F. App'x 11 (2d Cir. 2017). In their motion for a new trial, Defendants state that "[d]efense counsel has found no law suggesting that the basic principle that gang members aid each other in fights – something synonymous with the term 'gang' – requires expert testimony. While outside this Circuit there is at least one case suggesting the contrary." Defs. Mem. of Law at 6–7 (citing *Swain v. Larose*, No. 3:15 CV 942, 2016 WL 4486853, at *4 (N.D. Ohio Aug. 26, 2016)). Other than the citation to *Swain*, Defendants' papers merely repackage the same arguments already litigated. Additionally, the Second Circuit has listed testimony related to "describing membership rules," along with "interpreting jargon" and "explaining organizational hierarchy," as appropriate areas for expert testimony with respect to gang activity. *United States v. Escobar*, 462 F. App'x

5

58, 62 (2d Cir. 2012) (emphasis added) (discussing *United States v. Mejia*, 545 F.3d 179, 195 (2d Cir. 2008)). *See also United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) (finding that "the trial court's view that these were matters as to which such testimony could be of assistance to the jury was not unreasonable"). Accordingly, the Court finds that Defendants' second argument is unpersuasive.

## III. CONCLUSION

Therefore, it is hereby ORDERED that the motion of Defendant Joseph Brois and Defendant Richard Allington for a new trial [ECF No. 49] is denied.

SO ORDERED.

Dated:   April 20, 2023
         Rochester, New York

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge